UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>PAMELA STEPHANIE EMANUEL,<br><br>Movant. | No. 2:17-cr-0060 DAD DB<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Movant is a former federal prisoner proceeding pro se with a motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. Movant claims the judgment is void for lack of jurisdiction. (ECF No. 306.) Presently before the court is the government's motion dismiss movant's § 2255 motion as untimely. (ECF No. 325.) For the reasons set forth below, the undersigned will recommend that the motion to dismiss be granted and that movant's § 2255 motion be denied.

**I.   Background**

   **A.  Relevant Procedural History**

On April 27, 2017, an eighteen-count indictment was filed charging movant, and several co-defendants, with conspiracy to commit mail fraud, mail fraud, and aggravated identity theft. (ECF No. 1.) Pursuant to a plea agreement (ECF No. 218), movant pled guilty to Count 2, Mail

////

1  Fraud in violation of 18 U.S.C. § 1341, and Count 17, Aggravated Identity Theft in violation of
2  18 U.S.C. § 1028A(a)(1), of the indictment on December 10, 2019.  (ECF No. 214.)
3    A sentencing hearing was held on March 19, 2020.  (ECF No. 238.)  The court imposed a
4  sentence of 51 months as to Count 2 and 24 months as to Count 17.  (ECF No. 240.)  An amended
5  judgment was filed to specify that movant's sentences as to Count 2 and Count 17 were to be
6  served concurrently on March 20, 2020.[1]  (ECF No. 240.)  A second amended judgment and
7  commitment was entered on the docket on March 23, 2020.  (ECF No. 242.)
8    On July 28, 2020, an emergency motion to vacate or reduce her sentence pursuant to 18
9  U.S.C. § 3582(c)(1)(A)(i) was submitted requesting that movant be released from custody.  (ECF
10 No. 262.)  The government filed a statement of non-opposition.  (ECF No. 269.)  On August 13,
11 2020, the district court granted the motion and reduced movant's sentence of imprisonment to
12 time served.  (ECF No. 272.)  The court stated that the conditions of supervised release imposed
13 at the March 19, 2020, sentencing hearing would take effect upon movant's release from custody.
14 (Id. at 1.)  An amended judgment was issued on August 13, 2020, to reflect that movant's
15 sentence had been reduced to time served.  (ECF No. 273 at 2; ECF No. 273-1.)
16   The instant motion to vacate, set aside, or reduce her sentence pursuant to 28 U.S.C. §
17 2255 was dated April 1, 2022 and entered on the docket on April 4, 2022.  (ECF No. 306.)  The
18 motion was referred to the undersigned on April 5, 2022.  (ECF No. 307.)  Thereafter, the
19 undersigned directed the government to file a response within thirty days.  (ECF No. 313.)  The
20 government moved for and was granted an extension of time to file the response.  (ECF Nos. 322,
21 323.)  The government filed a motion to dismiss the § 2255 motion on August 18, 2022.  (ECF
22 No. 325.)  On October 13, 2022, movant filed an opposition to the government's request for an
23 extension of time.  (ECF No. 329.)
24   The undersigned directed movant to file an opposition or statement of non-opposition to
25 the government's motion to dismiss.  (ECF No. 333.)  In response, movant filed a notice
26 regarding jurisdiction.  (ECF No. 335.)

---

[1] The amended judgment was corrected to reflect the sentence as pronounced during the March 19, 2020, sentencing hearing.  (See ECF No. 248 at 12.)

**B. Movant's § 2255 Motion**

Movant's petition was filed on the docket on April 4, 2022. (ECF No. 306.) Therein, movant raised the following grounds for relief: (1) movant argues she is not a citizen under Dred Scott v. Sandford, 60 U.S. 393 (1857);[2] (2) the United States is not the injured party; (3) she is immune under the Eleventh Amendment; (4) the government had no standing to bring criminal charges; (5) the judge, clerk of the court, and the U.S. Attorney have not shown that they are lawful public officials of the United States; (6) the government did not have standing to prosecute; (7) the judgment of conviction was entered in the improper venue; and (8) the conviction should be dismissed because the court lacked jurisdiction. (ECF No. 306 at 5-19.)

**II.   Motion to Dismiss**

The government's response to movant's § 2255 motion was filed on August 18, 2022. (ECF No. 325.) Therein, they argue that the petition should be dismissed because it was filed outside the one-year statute of limitations period applicable to petitions filed pursuant to § 2255. (Id. at 1.) The government further alleges that movant failed to provide any explanation, "other than a generalized reference to 'new evidence'" to account for the delay in filing the motion. (Id. at 1-2.)

In her response movant argues that the court has failed to prove jurisdiction. (ECF No. 335 at 1-3.) The court notes that jurisdiction has been established. In the indictment filed April 27, 2017, movant was charged with violation of the following federal laws: (1) 18 U.S.C. § 1349; (2) 18 U.S.C. § 1341; (3) 18 U.S.C. § 1028A(a)(1); (4) 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1). Thus, the district court had subject matter and personal jurisdiction over this case. See United States v. Williams, 341 U.S. 58, 65 ("The District Court had jurisdiction of offenses against the laws of the United States" and "[h]ence, it had jurisdiction of the subject matter, to wit, an alleged

---

[2] Movant is advised that Dred Scott is no longer the law of the land, having been superseded by Constitutional Amendment. See United States Const. Amend. XIV. The Fourteenth Amendment proclaims, "all persons born within the United States and subject to its jurisdiction citizens of the United States." Slaughter-House Cases, 83 U.S. 36, 73 (1873); see also Bohannon v. United States, No. 1:17-cv-1473-TWT-JFK, 2017 WL 5618094 at *6 (N.D. Georgia Oct. 18, 2017) (rejecting movant's argument that the court lacked jurisdiction over them based on Dred Scott decision).

3

violation of a federal conspiracy statute, and, of course, of the persons charged"); United States v. Phillips, 326 Fed. Appx. 400 (7th Cir. 2009) ("[A] district court has personal jurisdiction over any defendant brought before it on a federal indictment charging a violation of federal law."); United States v. Lussier, 929 F.2d 25, 27 (1st Cir. 1991) ("It is well settled that a district court has personal jurisdiction over any party who appears before it, regardless of how his appearance was obtained."); United States v. Warren, 610 F.2d 680, 684 n.8 (9th Cir. 1980) (In the Ninth Circuit "a court has exclusive personal jurisdiction over any party who appears before it, regardless of how that appearance was effected.") (citations omitted).

### III. Legal Standards for Motions under 28 U.S.C. § 2255

A federal prisoner making a collateral attack against the validity of their conviction or sentence must do so by way of a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255, filed in the court which imposed the sentence. United States v. Monreal, 301 F.3d 1127, 1130 (9th Cir. 2002). Under § 2255, the sentencing court may grant relief if it concludes that a prisoner in custody was sentenced in violation of the Constitution or laws of the United States. Davis v. United States, 417 U.S. 333, 344-45 (1974); United States v. Barron, 172 F.3d 1153, 1157 (9th Cir. 1999). To warrant relief, the prisoner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993); see also United States v. Montalvo, 331 F.3d 1052, 1058 (9th Cir. 2003) ("We hold now that Brecht's harmless error standard applies to habeas cases under section 2255, just as it does to those under section 2254."). Relief is warranted only where a petitioner has shown "a fundamental defect which inherently results in a complete miscarriage of justice." Davis, 417 U.S. at 346; see also United States v. Gianelli, 543 F.3d 1178, 1184 (9th Cir. 2008). Mere conclusory assertions in a § 2255 motion are insufficient, without more, to require the court to hold a hearing. United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir. 1980).

### IV. Analysis

The government argues that movant's motion should be dismissed because it was filed after the expiration of § 2255(f)'s one-year statute of limitations. (ECF No. 325.) Movant has

not addressed the government's argument that the petition is untimely in her response. (ECF No. 335.) Rather, she argues that the court has not established that it has jurisdiction over this action. (Id.)

### A. Statute of Limitations

A one-year statute of limitations applies to a § 2255 motion. 28 U.S.C. § 2255(f). The limitations period begins to run on the latest of the following occurrences: (1) when the judgment of conviction becomes final; (2) when the impediment caused by governmental action in violation of the Constitution that prevents a § 2255 motion is removed, if the motion concerns such constitutional violation; (3) when the Supreme Court first recognizes the asserted right (or makes such right retroactively applicable); or (4) when facts giving rise to a § 2255 claim could have been discovered through the due diligence. Id. If a movant fails to file within this one-year limitation, typically the motion will be time-barred.

However, certain instances give rise to equitable tolling, thereby waiving the motion's untimeliness. See United States v. Battles, 362 F.3d 1195, 1196 (9th Cir. 2004). "To be entitled to equitable tolling, a habeas petitioner must demonstrate two things: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" Williams v. Filson, 908 F.3d 546, 558 (9th Cir. 2018) (quoting Holland v. Florida, 560 U.S. 631, 649 (2010)); see also United States v. Gilbert, 807 F.3d 1197, 1202 (9th Cir. 2015) (applying the same standard to § 2255 motions). Equitable tolling is a "very high bar [] and reserved for rare cases." Yow Ming Yeh v. Martel, 751 F.3d 1075, 1077 (9th Cir. 2014). It may be appropriate "[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999); see also Guillory v. Roe, 329 F.3d 1015, 1018 (9th Cir. 2003). The petitioner must show that the extraordinary circumstances caused the untimeliness. Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009). The causation element does not require actual impossibility. Grant v. Swarthout, 862 F.3d 914, 918 (9th Cir. 2017). Rather, even when "it would have technically been possible for a prisoner to file a petition, but a prisoner would have likely been unable to do so," the causation

////

5

element is met. Id. The burden remains with the petitioner to show they are entitled to equitable tolling. See Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005).

### B. Movant's Motion is Untimely

"[T]he Ninth Circuit has held that, for purposes of a § 2255 motion, finality is determined under the definition set forth in 28 U.S.C. § 2244(d)(1) for habeas corpus cases brought by state prisoners." United States v. Reves, Nos. CR S -02-0468-MCE-CMK, CIV S-10-1330-MCE-CMK, 2011 WL 4433629 at *1 (E.D. Cal. Sept. 21, 2011), reversed in part on other grounds by U.S. v. Reves, 774 F.3d 562 (9th Cir. 2014). Movant did not file an appeal.[3] Thus, her conviction became final when the time for filing a notice of appeal expired. United States v. LaFromboise, 427 F.3d 680, 683 (9th Cir. 2005) (case is final for purposes of statute of limitations when the availability of appeal is exhausted); United States v. Gilbert, 807 F.3d 1197, 1199 (9th Cir. 2015) (citation omitted) ("[I]f the movant does not pursue a direct appeal to the Court of Appeals, the conviction becomes final when the time for filing a direct appeal expires."). Pursuant to the Federal Rules of Appellate Procedure, movant had 14 days to file an appeal after judgment was entered. Fed. R. App. P. 4(b)(1)(a).

Here, an original and first amended judgment were entered on March 20, 2020. (ECF Nos. 239, 240.) Because movant did not file an appeal, her conviction became final fourteen days later, on April 3, 2020. LaFromboise, 427 F.3d at 683; Fed. R. App. P. 4(b)(1)(a). The statute of limitations commenced running the following day – April 4, 2020. Accordingly, the last day to file her § 2255 motion was April 3, 2021. 28 U.S.C. § 2255(f). Movant's § 2255 motion was filed, at the earliest, on April 1, 2022, nearly one year after the expiration of the statute of limitations. (ECF No. 306 at 19.)

The court notes that the second amended judgment entered on March 23, 2020, did not alter the finality of movant's conviction. United States v. Greer, 79 Fed. Appx. 974, 975 (9th Cir. 2003) (holding amended judgment that added no new basis for an appeal, did not restart the limitations period for movant's § 2255 motion); see also Marmolejos v. United States, 789 F.3d

---

[3] The court notes movant waived the right to challenge her conviction in the plea agreement. (ECF No. 218 at 9.)

1   66, 71 (2d Cir. 2015) ("an amended judgment merely correcting errors that were clerical does not
2   constitute a 'new judgment'") (citations omitted); United states v. Spencer, 513 F.3d 490, 492
3   (5th Cir. 2008) (holding amendment of judgment to conform with sentence announced orally did
4   not substantively alter the sentence).

5   Movant has not argued that her judgment was not final until August 2020 when the
6   judgment was amended to reflect that her § 3582(c)(1)(A)(i) motion had been granted and her
7   sentence was reduced to time served.  However, even if the court were to use August 28, 2020,
8   fourteen days after the amended judgment (ECF No. 273) was issued, as the date the statute of
9   limitations commenced, the instant petition would still be untimely.  Assuming, for purposes of
10  resolving the instant motion, that the statute of limitations commenced on August 28, 2020, the
11  one-year statute of limitations would have expired on August 27, 2021.  Movant's § 2255 motion
12  was filed, at the earliest, more than seven months later, on April 1, 2022.  (See ECF No. 306.)
13  Accordingly, the motion is untimely.

### C. Movant has not Argued that She is Entitled to Equitable Tolling

15  Because the § 2255 motion was filed after the statute of limitations expired, the motion
16  must be dismissed unless movant can show that she is entitled to equitable tolling.  In order to
17  obtain the benefit of equitable tolling, movant must show: "'(1) that [s]he has been pursuing h[er]
18  rights diligently and (2) that some extraordinary circumstance stood in h[er] way' and prevented
19  timely filing." Holland, 560 U.S. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418
20  (2005)); see also Battles, 362 F.3d at 1196-97 ("The statute of limitations contained in §2255 is
21  subject to equitable tolling.").

22  Movant has not raised any argument in her response that would tend to show she should
23  be entitled to the benefit of equitable tolling.  (ECF No. 335.)  Rather, she argues that her motion
24  "is not subject to any statute of limitations" because "jurisdiction can be challenged at any time."
25  (ECF No. 306 at 2.)   "[A] challenge to the court's subject matter jurisdiction over a case may be
26  raised at any time." United States v. Scruggs, 691 F.3d 660, 666 (5th Cir. 2012).  However,
27  movant's "claim is not that the court lacks power to adjudicate . . . [her] § 2255 motion – but
28  rather a want of jurisdiction in h[er] criminal case. Jurisdictional claims are subject to the one-

7

year limitations period for § 2255 claims." Id.; see also United States v. Casteel, No. 1:14-CR-00206-LJO-SKO, 2018 WL 3472379, at *1 (E.D. Cal. July 17, 2018) (citing 28 U.S.C. § 2255(a)) ("A claim that a sentence was illegally imposed based on an assertion 'that the court was without jurisdiction to impose such sentence' are to be brought as § 2255 claims.").

Movant has failed to provide any reason to support a finding that she is entitled to equitable tolling. Pace, 544 U.S. at 418 (holding it is movant's burden to allege facts that would give rise to equitable tolling.). Accordingly, the undersigned will recommend that the motion be dismissed as untimely.

**V.      Conclusion**

The statute of limitations expired at the very latest on August 27, 2021. Movant's § 2255 motion was filed at the earliest, more than seven months later, on April 1, 2022. Movant has failed to show that she is entitled to a later trigger date for the statute or to equitable tolling. Accordingly, movant's § 2255 motion is untimely and should be dismissed.

IT IS HEREBY RECOMMENDED that:

1. Movant's motion to vacate, set aside, or correct her sentence (ECF No. 306) be denied;

2. The government's motion to dismiss (ECF No. 325) be granted; and

3. The Clerk of Court be directed to close the companion civil case No. 2:22-cv-0597 DAD DB.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-eight (28) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If movant files objections, they shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the

specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 7, 2023

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Habeas/S/eman0060.2255 fr