UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff-Respondent,<br><br>       v.<br><br>PAMELA STEPHANIE EMANUEL,<br><br>             Defendant-Movant. | No. 2:17-cr-00060-DAD-DB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING THE PENDING 28 U.S.C. § 2255 MOTION AS UNTIMELY<br><br>(Doc. Nos. 306, 325, 340) |

Defendant-Movant is a former federal prisoner proceeding *pro se* with a motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 306.) In her motion filed April 4, 2022, movant advanced a number of arguments in support of her ultimate contention that this court lacked jurisdiction to enter the March 20, 2020 judgment of conviction (Doc. No. 239) against her in this action. (*See* Doc. Nos. 306, 335.) On August 18, 2022, the government moved to dismiss that § 2255 motion on the grounds that it was filed after the one-year statute of limitations for the seeking of such relief had expired and that defendant had failed to submit any basis for the tolling of the applicable limitations period. (Doc. No. 325.)[1]

/////

---

[1] On August 25, 2022, the case was reassigned to the undersigned district judge. (Doc. No. 328.)

1

1  On April 5, 2023, the assigned magistrate judge ordered defendant Emanuel to file an opposition or statement of non-opposition to the government's motion to dismiss within forty-five days of the date of that order. (Doc. No. 333.) Defendant Emanuel did not comply with that order, filing neither an opposition nor a statement of non-opposition to the government's motion to dismiss. Instead, on May 22, 2023, defendant Emanuel filed with the court a notice that she titled an "Averment of Jurisdiction – Quo Warranto." (Doc. No. 335 at 2.)[2]

On August 8, 2023, the assigned magistrate judge issued findings and recommendations recommending that defendant's motion to dismiss the pending § 2255 motion as time-barred be granted. (Doc. No. 340.) Those findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within twenty-eight (28) days after service of the findings and recommendations and that any response to objections be filed within fourteen (14) days of service of objections. (*Id.* at 8.) No objections to the pending findings and recommendations have been filed by defendant Emanuel and the time to do so has long since passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the pending findings and recommendations are supported by the record and proper analysis.

Having concluded that the pending § 2255 motion must be dismissed, the court will also decline to issue a certificate of appealability. In this regard, a movant cannot appeal from the denial or dismissal of her § 2255 motion unless she has first obtained a certificate of appealability. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). To obtain a certificate of appealability under 28 U.S.C. § 2253(c), a movant "must make a substantial showing of the

---

[2] In that notice defendant Emanuel to some degree repeated the arguments advanced in her § 2255 motion that this court lacked jurisdiction over her and also included some new arguments in support of that claim including those based on her "inherited status, Cameroon Royal Act N* 081, I HRH Pamela Stephanie Emanuel, being a Private Royal Noble descendant of the Ancient Tikar Tribe of the Bankim Cameroon, standing squarely affirmed upon my Oath to my ancestors both past and present Private Royal Noble Family of the Tikar Kingdom of Cameroon." (Doc. No. 335 at 4.) In short, the arguments advanced by petitioner in support of her jurisdictional challenges to her federal criminal prosecution and conviction appear to be clearly frivolous.

denial of a constitutional right, . . . includ[ing] showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).  Here, movant has failed to make the required showing.

For these reasons:

1. The findings and recommendations filed on August 8, 2023 (Doc. No. 340) are adopted in full;

2. The government's motion to dismiss (Doc. No. 325) defendant's pending motion for relief pursuant to 28 U.S.C. § 2255 (Doc. No. 306) is granted;

3. Defendant Emanuel's motion brought pursuant to 28 U.S.C. § 2255 (Doc. No. 306) is dismissed;

4. The court declines to issue a certificate of appealability under 22 U.S.C. § 2253(c); and

5. The Clerk of Court is directed to close this case as well as the companion civil case No. 2:22-cv-00597-DAD-DB.

IT IS SO ORDERED.

Dated:   **November 1, 2023**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE